UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-451-H

PAMELA A. BROWN                                                                                PLAINTIFF

V.

METROPOLITAN LIFE
INSURANCE COMPANY                                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this action in Jefferson Circuit Court, alleging breach of contract, violation

of the Kentucky Unfair Claims Settlement Practices Act, breach of duty to act in good faith,

violation of the Kentucky Consumer Protection Act, and violation of a licensure statute, based

upon Defendant's denial of her claim for long-term disability ("LTD") benefits.  After Defendant

removed to this Court, Plaintiff has moved to remand on the grounds that state law, rather than

the Employee Retirement Income Security Act of 1974 ("ERISA"), governs this case.

The matter at issue is quite discreet and involves questions of fact and law.  Plaintiff

argues that her claim is not subject to ERISA's broad federal preemption, because the National

Conference of Bankruptcy Clerks ("NCBC"), the plan provider, does not constitute an

"employee organization" under ERISA.  Defendant asserts that its insurance policy is subject to

ERISA because NCBC is an "employee organization" and its plan constitutes an "employee

welfare benefit plan."

I.

"When considering a motion to remand, the Court must examine whether the case was

properly removed to federal court."  *Shawver v. Bradford Square Nursing, LLC*, No. 3:09-02-

DCR, 2009 WL 971463, at *1 (W.D. Ky. Apr. 9, 2009) (citing *Coyne ex rel. Ohio v. Am.*

*Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999).  When, as here, the action was removed based

on federal subject matter jurisdiction, the cause of action must arise under the Constitution,

laws, or treaties of the United States.  *Barrow v. Aleris Int'l, Inc.*, No. 1:07CV-110-JHM, 2007

WL 3342306, at *2 (W.D. Ky. Nov. 7, 2007).  Alternatively, a cause of action may fall within

federal subject matter jurisdiction where Congress completely pre-empts a particular area of the

law.  *Id.*  "Under ERISA, 'a claim is *completely* pre-empted . . . if the state law claim could be

brought pursuant to ERISA's enforcement provision . . . .'" *Id.*  Defendants bear the burden of

proving a plaintiff's claims are completely pre-empted by ERISA.  *Id.*

II.

ERISA "is a comprehensive federal law governing employee benefits," which regulates

"employee benefit plans that 'through the purchase of insurance or otherwise,' provide medical,

surgical, or hospital care, or benefits in the event of sickness, accident, disability or death."

*Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 434 (6th Cir. 1996).  If a particular policy

qualifies as an ERISA plan, a "plaintiff's claims under state law are preempted and federal

common law will apply to determine her recovery."  *Id.* (citing *Pilot Life Ins. Co. v. Dedeaux*,

481 U.S. 41, 56-57 (1987)).  "ERISA applies to an employee benefits plan if it is established or

maintained by an employer or an employee organization engaged in commerce or in any industry

or activity affecting commerce."  *Fugarino v. Hartford Life and Accident Ins. Co.*, 969 F.2d 178,

183 (6th cir. 1992) (*overruled on other grounds by Yates v. Hendon*, 541 U.S. 1, 10 (2004)).  An

"employee organization" is defined by ERISA, 29 U.S.C. § 1002(4), as:

> any labor union or any organization of any kind, or any agency or
> employee representation committee, association, group, or plan, in
> which employees participate and which exists for the purpose, in
> whole or in part, of dealing with employers concerning an

2

> employee benefit plan, or other matters incidental to employment
> relationships; or any employees' beneficiary association . . . .

Although the Sixth Circuit has not analyzed this definition, the language itself certainly presents an open question whether an association of employees might fit within the statutory definition.

Two circuit courts have provided some guidance. The Eleventh Circuit has explained that a plan falls within the regulatory ambit of ERISA only if it covers "participants *because of their employee status* in an employment relationship, and an employer or employee organization is the person that establishes or maintains the plan . . . ." *Slamen v. Paul Revere Life Ins. Co.*, 166 F.3d 1102, 1104 (11th Cir. 1999). Similarly, the Ninth Circuit has held that a defendant qualifies as an "employee organization" if it limits its membership to employees and excludes employers or independent contractors from joining. *Sarraf v. Standard Ins. Co.*, 102 F.3d 991, 992-93 (9th Cir. 1996). As Plaintiff correctly emphasizes, district courts apply the same approach in determining whether a defendant constitutes an "employee organization." *See generally Bell v. Emp. Sec. Benefit Assoc.*, 437 F. Supp. 382 (D. Kan. 1977). These formulations certainly appear reasonable and consistent with the statutory language.

Here, NCBC opens its membership to virtually anyone through: (1) General Membership, for Bankruptcy Deputy Clerk members or Bankruptcy Clerk of Court members; Emeritus Membership, for retired Bankruptcy employees; Adjunct Membership, for all federal and state court employees; and Associate Membership, for "all individuals who do not fall into the above membership categories." Even though NCBC does limit its membership to a category of employees, it also undeniably offers membership of some type to any and all individuals, irregardless of their employee status. These same non-employees apparently can participate in NCBC's welfare benefit plan.

3

To qualify as an "employee organization," NCBC must directly base membership upon employee status.  Thus, to the extent NCBC allows membership beyond a specified category of employees, it would fall beyond the definition of an "employee organization" as ERISA defines it.  That Defendant has filed ERISA Form 5500 and purports to comply with ERISA's procedural protections, while laudatory, has no bearing whatsoever on whether NCBC itself constitutes an "employee organization."  Federal preemption attaches upon qualifying as an entity which ERISA governs as a matter of law, not as a matter of preference.

Defendant bears the burden of establishing that removal is proper.  Though Plaintiff first raised this issue in its Reply, its point is well taken and certainly appears legally sound and applicable to these facts.  Defendant has had ample time to respond to this argument and has not indicated its intention to do so.  Based upon the evidence presented, the NCBC has not established that its membership is sufficiently limited by employee status to qualify as an employee organization under ERISA.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is REMANDED to Jefferson Circuit Court.

4

cc:     Counsel of Record